IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SHERRY KNIGHT AND
DARRYL KNIGHT                                                                                          PLAINTIFFS

V.                                                               CIVIL ACTION NO. 3:18-CV-115-NBB-JMV

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY                                                       DEFENDANT

## **MEMORANDUM OPINION**

Presently before the court is the defendant Allstate Property and Casualty Insurance Company's motion for partial summary judgment. Upon due consideration of the motion, response, exhibits, and applicable authority, the court is ready to rule.

### Factual and Procedural Background

This diversity action against Allstate Property and Casualty Insurance Company for contractual and bad faith claims arises as the result of an automobile accident occurring on May 25, 2017, in Tate County, Mississippi. Plaintiff Sherry Knight alleges she was exiting Interstate 55, traveling southbound on the exit ramp to merge onto East Main Street, when an automobile driven by Ms. Betty Webb collided with her automobile. Following the accident, Plaintiff was transported via medical helicopter to Regional One Health Center where she underwent numerous diagnostic tests. She was discharged after approximately twelve hours and was not admitted to the hospital.

Approximately five days after the accident, Plaintiff sought treatment at Campbell Clinic Orthopaedics. She also sought physical therapy treatment. At the time the present motion was filed, Plaintiff's medical expenses totaled approximately $71,777.19.

Webb's insurer, Farm Bureau Casualty Insurance, has paid to Plaintiff its liability limit of $50,000.00 in this matter. Additionally, Defendant Allstate has paid its "MedPay" limit of $1,000.00.

Plaintiffs initially demanded, via letter dated January 17, 2018, that Allstate pay $300,000.00 to settle the underinsured motorist portion of the claim against Allstate. In response to this demand, Allstate offered $30,000.00. Allstate alleges that Plaintiffs' counsel counter-demanded $245,000.00 in response, but this counter-demand was apparently not reduced to writing. Plaintiffs assert the counter-demand to the $30,000.00 offer was $275,000.00. Regardless, Allstate counter-offered $35,000.00 on April 16, 2018, which represents the last offer made prior to Plaintiffs' filing this lawsuit.

Plaintiffs filed their complaint on May 17, 2018, asserting claims for breach of contract and bad faith. Plaintiff Darryl Knight, Sherry Knight's husband, also asserts a claim for loss of consortium. Plaintiffs filed their first amended complaint on July 30, 2018, to assert additional information regarding Defendant Allstate's citizenship for the purposes of establishing diversity jurisdiction. Allstate has now moved for partial summary judgment seeking dismissal of the bad faith claim against it.

<u>Standard of Review</u>

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue

for trial." *Id.* at 324. Further, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

When deciding a motion for summary judgment, the court must view the underlying facts in the "light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). As such, all reasonable inferences must be drawn in favor of the non-movant. *Id.* Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita*, 475 U.S. at 587 (1986). "Summary judgment, although a useful device, must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989).

<u>Analysis</u>

A bad faith claim is essentially a plaintiff's request that punitive damages be assessed against a defendant for certain types of especially egregious conduct. "Punitive damages should be assessed with caution and within narrow limits as an example and warning." *Standard Life Ins. Co. v. Veal*, 354 So. 2d 239, 247 (Miss. 1977). A plaintiff carries a "heavy burden" when pursuing punitive damages based on a bad faith claim. *Jenkins v. Ohio Cas. Ins. Co.*, 794 So. 2d 228, 232 (Miss. 2001).

The Mississippi Supreme Court has set forth a two-step inquiry to be utilized when a court is presented with determining whether a bad faith claim may proceed. "The issue of punitive damages should not be submitted to the jury unless the trial court determines that there are jury issues with regard to whether: 1. The insurer lacked an arguable or legitimate basis for denying the claim, *and* 2. The insurer committed a willful or malicious wrong, or acted with gross and reckless disregard for the insured's rights." *State Farm Mut. Auto. Ins. Co. v. Grimes*,

722 So. 2d 637 (Miss. 1998). Both questions must be answered in the affirmative for a successful bad faith claim and the assessment of punitive damages. *See Life & Cas. Ins. Co. of Tennessee v. Bristow*, 529 So. 2d 620, 622 (Miss. 1988).

Plaintiffs' position is essentially that Allstate should be required to tender the amount of its last offer ($35,000.00) made during negotiations to settle this matter prior to the lawsuit being filed – an offer which Plaintiffs refused to accept as full settlement of the claim. Plaintiffs, however, have cited no Mississippi case supporting the position that an insurer is required to tender payment unconditionally for an offer that was unaccepted by its insured as a full resolution of the case. According to Plaintiffs' argument, Allstate must make this payment – an amount which Plaintiffs assert represents the "undisputed" portion of the claim – despite Plaintiffs' refusal to accept the amount as full resolution of the case and release Allstate from further responsibility – and then continue to negotiate the remaining amount of the claim, or allow the fact finder to determine the value of the claim at trial. Further, Plaintiffs assert that Allstate's failure to tender this payment unconditionally amounts to bad faith. The court finds this position to be unsupported by Mississippi law.

Based on the record before it, the court finds the foundational issue of this case to be a legitimate "pocketbook dispute" as to the value of Plaintiff Sherry Knight's insurance claim. Mississippi law is clear that an insurer does not act in bad faith by refusing to tender payment unconditionally when there is a genuine pocketbook dispute as to the value of the claim. *See Cossitt v. Alfa Ins. Corp.*, 726 So. 2d 132, 139 (Miss. 1998) ("[T]his case is nothing more than a pocketbook dispute and does not rise to the heightened level of an independent tort."); *see also State Farm Mut. Auto. Ins. Co. v. Roberts* 379 So. 2d 321, 322 (Miss. 1980) ("[D]ifferences of

opinion [over the value of the claim] [do] not rise to the level of wanton, gross or intentional conduct in the nature of an independent tort.").

"An arguable basis [for denying a claim] is nothing more than an expression indicating the act or acts of the alleged tortfeasor do not rise to the heightened level of an independent tort." *Ladner v. Geico Indemnity Co.*, 2017 WL 812693 (S.D. Miss. 2017) (citing *Univ. Life Ins. Co. v. Veasley*, 610 So. 2d 290, 293 (Miss. 1992)). Allstate asserts that a reasonable reliance on established principles of law must be an arguable basis for denying the claim. The court agrees and finds, in accordance with the *Cossitt* and *Roberts* courts, that the legitimate pocketbook dispute at issue in this case does not rise to the heightened level of an independent tort. The court finds nothing in the record that would support a finding of bad faith or even a genuine issue of material fact on the issue. Allstate is therefore entitled to partial summary judgment as to Plaintiffs' bad faith claim, and said claim will be dismissed.

Conclusion

For the foregoing reasons, the court finds that Defendant Allstate's motion for partial summary judgment is well taken and should be granted. A separate order in accordance with this opinion shall issue this day.

This 23rd day of August, 2019.

    /s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE